**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

UNITED STATES OF AMERICA,

      v.                                                                          19-CR-198-A
**ORDER**

SHELBY HOLCOMB,

      Defendant.

_____

*Pro se* Defendant, Shelby Holcomb, is currently serving a 30-month sentence of imprisonment, imposed on December 21, 2021, after pleading guilty to felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1).  Defendant did not appeal his conviction or sentence, nor has he filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255.

Defendant has, however, filed a *pro se* motion (Dkt. No. 73) for a free copy of "The Complete Sentencing Transcripts."  For the reasons stated below, Defendant's motion is DENIED without prejudice.

## DISCUSSION

The relief Defendant seeks is governed by two different statutes.  The first, 28 U.S.C. § 2250, states that an indigent petitioner may be provided with free "copies of . . . documents or parts of the record on file."  The statute, however, applies only "on an[] application for a writ of habeas corpus."  *Id.*  Defendant, as noted, has not filed an application for a writ of habeas corpus.

The second statute governing the relief the Defendant seeks is 28 U.S.C. § 753(f).  In relevant part, § 753(f) provides:

> Fees for transcripts furnished in proceedings brought under [28 U.S.C. § 2255] to persons permitted to sue or appeal in forma pauperis shall be paid by the United States . . . if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal.

The Second Circuit has held that both "the plain language and necessary operation" of § 753(f) require that "a motion for a free transcript . . . is not ripe until a § 2255 motion has been filed." *United States v. Horvath*, 157 F.3d 131, 132 (2d Cir. 1998) (per curiam).

Defendant's request is thus premature.  Because, as noted, Defendant has not filed a § 2255 motion, neither § 2250 nor § 753(f) authorizes the Court to provide Defendant with free transcripts.  The Court notes that, even without a transcript, Defendant is not foreclosed from filing a § 2255 petition on that basis.  A § 2255 petition "need only set forth the movant's claims of error generally." *Horvath*, 157 F.3d at 132-33 (citing Rule 2(b) of the Rules Governing Section 2255 Proceedings).

Section 753(f) also provides that, to qualify for a free transcript, the defendant must be proceeding *in forma pauperis*.  Defendant, however, has not yet filed an application to proceed *in forma pauperis*, although he purports to bring the instant motion as such.  A copy of the *in forma pauperis* form will be mailed to Defendant, together with a copy of this Decision and Order.

In the event Defendant wishes to simply pay the fee for the sentencing transcript, the Court's designated Court Reporter is simultaneously--with the filing of the instant Decision and Order--mailing to Defendant an explanation of how to do so along with payment information.

**CONCLUSION**

For the reasons stated above, it is hereby **ORDERED** that Defendant's motion for free transcripts is **DENIED** without prejudice; and it is further

**ORDERED** that the Clerk of the Court shall mail a copy of this Decision and Order, together with an application to proceed *in forma pauperis*, to Defendant.

Dated: May 26, 2023     _s/Richard J. Arcara_____
    Buffalo, New York     HONORABLE RICHARD J. ARCARA
                                      UNITED STATES DISTRICT JUDGE